## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARRY DURM, JR., on behalf of himself and all others similarly situated,    ) <br> ) <br> ) <br> Plaintiff,    ) <br> ) <br> v.    ) <br> ) <br> AMERICAN HONDA FINANCE CORPORATION and HONDA LEASE TRUST,    ) <br> ) <br> ) <br> ) <br> ) <br> Defendants.    ) | Case No. 13-cv-223-WDQ |

## [PROPOSED] FINAL JUDGMENT AND ORDER

On May 18, 2015, this Court entered an order (Doc. 58) granting preliminary approval of the Settlement Agreement and certifying, for settlement purposes only, a Settlement Class. The Court modified the preliminary approval order on June 2, 2015 (Doc. 60).

On November 2, 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice.

Having considered all papers filed in connection with the fairness hearing, including Plaintiff's petition for approval of the Class Counsel Payment and Incentive Award to Plaintiff, and statements made on the record,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over the Plaintiff, Honda, the Class Members, and the claims asserted in the Lawsuit.

2.      The Settlement Agreement has been entered into in good faith following arm's-length negotiations and is non-collusive.

3.      This Court grants final approval of the Settlement Agreement, including but not limited to the releases in it, and finds that it is fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order. The Released Claims of each Class Member are fully and finally released as against the Released Parties as set forth in the Settlement Agreement, and Class Members are forever barred and enjoined from prosecuting any Released Claims against the Released Parties.

4.      The Class Notice (as described in paragraph 9 of the Settlement Agreement) complies with the requirements of Federal Rule of Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to everyone entitled to notice of the settlement of this lawsuit. Class Notice was given by first-class mail and publication notice to Class Members in accordance with the Settlement Agreement.

5.      Class Members filed no objections to the proposed settlement.

6.      One person (Jennifer P. Jones) validly requested exclusion from the Settlement Class.

7.      Honda shall distribute the relief to the Settlement Class as described in paragraph 3 of the Settlement Agreement.

8.      Honda shall pay the Class Counsel Payment of $355,179.55 within 14 business days of the Effective Date. The Court finds this amount to be fair and reasonable and sufficiently supported.

9.      Honda shall pay Plaintiff $2,500 within 14 business days of the Effective Date. The Court finds that this payment is justified by Plaintiff's service to the Settlement Class.

10.     Honda shall administer the settlement in accordance with the terms of the Settlement Agreement.

11.     The Lawsuit is dismissed with prejudice, without fees or costs except as expressly provided in the Settlement Agreement and in paragraphs 8 and 9 above.

12.     This Final Judgment and Order, the Settlement Agreement, and all related papers are not and shall not be construed to be an admission by Honda of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in any proceeding.

13.     If this Court's approval of the Settlement Agreement is reversed, vacated, or modified in any material respect by any court, the Settlement Agreement will be void, Plaintiff and Honda will be restored to their respective positions as of the date the Settlement Agreement was signed, any certification of the Settlement Class will be vacated, and the Lawsuit will proceed as though the Settlement Class had never been certified. If the Settlement Agreement does not receive full and final judicial approval, Honda retains the right to object to the propriety of class certification.

**IT IS SO ORDERED**

Dated: _____11/4/15_____

_____
Hon. William D. Quarles, Jr.
United States District Judge